**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
JUSTIN BRUNO,                                  :
                                               :
                  Petitioner,       :      21-CV-6609 (JLR) (OTW)
                                               :
                  -against-        :      **ORDER**
                                               :
SUPERINTENDENT, UPSTATE CORRECTIONAL            :
FACILITY,                                      :
                                               :
                  Respondent.       :
                                               :
-------------------------------------------------------------x

      **ONA T. WANG**, **United States Magistrate Judge**:

      This matter was assigned to me on October 2, 2023, and referred on the same date. It has come to my attention that in Respondent's last status letter, dated October 11, 2022, Respondent's counsel noted that "according to the Department of Corrections and Community Supervision (DOCCS) website, petitioner was released from incarceration on December 2, 2021," and counsel did not expect that DOCCS would forward mail to Petitioner. (ECF 20). The status letter does not, however, indicate Petitioner's parole status.

      If Petitioner has been released from custody but remains on parole, that release does **not** moot his *habeas* petition, as he remains subject to "collateral consequences" from his conviction. *See Spencer v. Kemna*, 523 U.S. 1, 7–8 (1998) (petitioner's incarceration when he filed petition, despite subsequently being paroled, was all that the "'in custody' provision of 28 U.S.C. § 2254 requires" and collateral consequences of wrongful conviction are presumed to exist, even if "remote and unlikely to occur"); *see also Cox v. Brandt*, No. 10-CV-9175 (CM) (JLC), 2012 WL 2282508, at *7 n.7 (S.D.N.Y. June 15, 2012).

Accordingly, Respondent is hereby directed to file a status letter by **Wednesday, November 22, 2023**, informing the Court of the following:

1) Petitioner's parole status,
2) Petitioner's new address, if available; and
3) whether Petitioner's status moots his Petition.

If Petitioner intends to pursue this petition for habeas corpus, he is hereby directed to notify the Court of his change of address **and** propose a date to respond to Respondent's opposition and memorandum of law, which were filed in 2021. (ECF Nos. 13 and 14).

Respondent is hereby directed to serve this Order and a hard copy of the docket sheet on Petitioner's new address, and file proof of service of the same.

**SO ORDERED.**

                                                                   _s/ Ona T. Wang_

Dated: November 16, 2022                               **Ona T. Wang**
        New York, New York                                 United States Magistrate Judge