UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN BRUNO,

                Petitioner,

-against-

SUPERINTENDENT, UPSTATE CORRECTIONAL FACTILITY,

                Respondent.

Case No. 1:21-cv-06609 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

On May 9, 2024, Respondent filed a motion to dismiss the habeas petition in this action, arguing that the petition should be dismissed due to Petitioner's failure to prosecute. ECF No. 34.  On May 14, 2024, the Magistrate Judge issued a report and recommendation (the "R&R"), recommending that Respondent's motion to dismiss be granted.  ECF No. 37. The R&R noted that since Petitioner's November 9, 2021 letter requesting appointment of *pro bono* counsel, Petitioner has not communicated with the Court.  *Id.* at 1-2.  The R&R also noted that because mailings delivered to Petitioner's address of record were returned as undeliverable, she ordered Petitioner to update his address on the docket.  *Id.*  Petitioner has failed to do so.

Federal Rule of Civil Procedure ("Rule") 41(b) provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b).  Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  Courts must consider the following factors when making this determination: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal,

1

(3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). Furthermore, "a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Id.* (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

The Court will not yet dismiss the Petition for failure to prosecute. Although Petitioner has failed to respond to Court orders, the Court had not previously threatened dismissal of the Petition. Further, Petitioner has not yet been afforded an adequate opportunity to respond to the motion to dismiss, which was filed on May 9, 2024. Accordingly, the Court does not adopt the R&R.

Petitioner shall have until June 20, 2024 to file an opposition to Respondent's motion to dismiss. The Court cautions Petitioner that failure to oppose the motion to dismiss may result in his Petition being dismissed in its entirety, especially given his nonresponsiveness over the years. The Court also cautions Petitioner that he must update his address of record to his current address so that the Court and Respondent can contact him.

The Clerk of Court is respectfully directed to mail a copy of this order to Petitioner at his address of record. Respondent is also directed to serve a copy of this order to Petitioner at

any other known addresses or former addresses of Petitioner and to file a proof of service no later than May 31, 2024.

Dated: May 22, 2024
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge