UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUSTIN BRUNO,

                  Petitioner,

-against-

SUPERINTENDENT, UPSTATE
CORRECTIONAL FACILITY,

                  Respondent.

Case No. 1:21-cv-06609 (JLR)

**ORDER**

JENNIFER L. ROCHON, United States District Judge:

On May 9, 2024, Respondent filed a motion to dismiss the habeas petition in this action, arguing that the petition should be dismissed due to Petitioner's failure to prosecute. ECF No. 34.  On May 14, 2024, the Magistrate Judge issued a report and recommendation (the "R&R"), recommending that Respondent's motion to dismiss be granted.  ECF No. 37. The R&R noted that since Petitioner's November 9, 2021 letter requesting appointment of *pro bono* counsel, Petitioner had not communicated with the Court.  *Id.* at 1-2.  The R&R also noted that because mailings delivered to Petitioner's address of record were returned as undeliverable, the Magistrate Judge ordered Petitioner to update his address on the docket.  *Id.*

On May 22, 2024, the Court declined to dismiss the Petition for failure to prosecute because: (1) the Court had not yet previously threatened dismissal of the Petition; and (2) Petitioner had not yet been afforded an adequate opportunity to respond to the motion to dismiss.  ECF No. 38 at 2.  The Court granted Petitioner an extension of time until June 20, 2024 to file his opposition to Respondent's motion to dismiss.  *Id.*  The Court cautioned Petitioner that "failure to oppose the motion to dismiss may result in his Petition being dismissed in its entirety, especially given his nonresponsiveness over the years."  *Id.*  The

Court further cautioned Petitioner "that he must update his address of record to his current address so that the Court and Respondent can contact him." *Id.*

On July 1, 2024, the Court granted Petitioner an additional extension of time until August 1, 2024 to respond to Respondent's motion to dismiss. ECF No. 40. The Court again cautioned Petitioner that "failure to oppose the motion to dismiss will result in his Petition being dismissed in its entirety, and that he must update his address of record to his current address so that the Court and Respondent can contact him." *Id.* at 2. To date, Petitioner has not updated his address or otherwise contacted the Court since November 2021, despite multiple admonitions. ECF Nos. 21, 38, 40.

Federal Rule of Civil Procedure ("Rule") 41(b) provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). "A habeas petitioner, like any plaintiff in a civil case, has a general obligation to prosecute his case diligently, and, if he fails to do so, the Court may dismiss the action under Rule 41(b) for failure to prosecute." *Ikpemgbe v. New York*, No. 18-cv-01027 (AT) (DCF), 2021 WL 4198409, at *1 (S.D.N.Y. Sept. 15, 2021). Courts must consider the following factors when making this determination: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard by which it will be assessed, and an opportunity to be heard.'" *Baptiste*, 768 F.3d at 217.  Furthermore, "a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Id.* (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)).

Here, each of the five factors weigh in favor of dismissal for failure to prosecute.

First, Petitioner has not participated in this action since November 2021, and has failed to comply with repeated orders to update his address with the Court since November 15, 2023.  This inaction, under the circumstances, is sufficiently lengthy to support dismissal.  *See e.g.*, *Bautisa v. TAP Air Portugal*, No. 24-cv-00503 (JLR), 2024 WL 374255, at *2 (S.D.N.Y. Aug. 9, 2024) (delay of over six months was sufficiently lengthy to support dismissal of *pro se* plaintiff's complaint for failure to prosecute); *Ampudia v. Lloyd*, 531 F. App'x 32, 34 (2d Cir. 2013) (summary order) (affirming dismissal for failure to prosecute after delay of almost five months); *Rahim v. N.Y.C. Transit Auth.*, 159 F.3d 1347, 1998 WL 537534, at *2 (2d Cir. 1998) (unpublished table decision) (same for delay of six months); *see also Brown v. Gen. Nutrition Cos.*, 356 F. App'x 482, 486 (2d Cir. 2009) (summary order) ("[P]laintiffs' four-month delay cannot be said to be of insignificant duration for this analysis."); *cf. Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (summary order) ("[T]he delay in proceedings attributable solely to [the plaintiff] was 42 days, from April 22 to June 3.  In *pro se* cases, this Court has found that similar delays of 39 days and one month were insufficient to justify dismissal for failure to prosecute." (citations omitted)).  This factor favors dismissal.

Second, Petitioner has been sufficiently notified on multiple occasions that failure to comply with the Court's orders and prosecute this case would result in dismissal.  *See* R&R

(recommending dismissal for failure to prosecute); ECF Nos. 38, 40 (warning Petitioner regarding dismissal). These plainly worded warnings adequately put Petitioner on notice. *See Ampudia*, 531 F. App'x at 34 ("[D]ismissals following unheeded warnings generally do not constitute an abuse of discretion."); *see, e.g.*, *Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) (*pro se* plaintiff was warned that "further delay will result in dismissal"); *Rahim*, 1998 WL 537534, at *1 (similar). Therefore, this factor favors dismissal.

Third, the record is silent as to whether further delay would prejudice Respondents, but "[p]rejudice to [respondents] resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *accord LeSane*, 239 F.3d at 210. This factor thus favors dismissal.

Fourth, the Court's interest in managing its docket outweighs the Petitioner's fair chance to be heard. Of course, "a trial court's desire to move its calendar should not overcome its duty to do justice." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995). But under these circumstances, the Court's interest in managing its docket prevails. *See Lyell*, 682 F.2d at 42 (dismissal for failure to prosecute, when properly utilized, is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts."). This factor also favors dismissal.

Fifth, the Court has considered and ruled out sanctions less drastic than dismissal. A *pro se* petitioner must prosecute his cases, especially where, as here, the Court has clearly and repeatedly ordered him to do so. *See, e.g.*, *Ruzsa*, 520 F.3d at 177 (affirming dismissal of *pro se* plaintiff's action for failure to prosecute); *Pierno v. Fidelity Brokerage Servs., LLC*, No. 20-3711, 2021 WL 5986763, at *2-3 (2d Cir. Dec. 16, 2021) (summary order) (same); *Wik v. City of Rochester*, 632 F. App'x 661, 663 (2d Cir. 2015) (summary order) (same). Here, the

Court will dismiss this action without prejudice, which will appropriately strike a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209 (citation omitted). No less severe sanction than dismissal without prejudice is appropriate here.

In sum, dismissal for failure to prosecute is warranted. The Petition is dismissed without prejudice. The Clerk of Court is directed to close this case.

Dated: August 14, 2024
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge